UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**JOHN A. MINCHER,**

    **Plaintiff,**

v.                                                           **Civil Action No.:**

**UNITED STATES OF AMERICA**

    **Defendant,**

_____/

## MOTION TO QUASH FORMAL DOCUMENT REQUEST

Plaintiff John A. Mincher, by and through his undersigned attorney, requests, pursuant to 26 U.S. Code § 982(c)(2), that this Court grant their Motion to Quash the Formal Document Request issued by the United States of America, Department of the Treasury – Internal Revenue Service and in support of their motion state:

## PARTIES

1. The Plaintiff is John A. Mincher, an 89 year old male residing in Aventura, Florida.

2. The Defendant is the United States of America, Department of the Treasury – Internal Revenue Service ("IRS").

3. This civil action against the United States is to quash the Formal Document Request issued to John A. Mincher on October 31, 2016 (attached as Exhibit A).

4. The Formal Document Request issued to Mr. Mincher by the Internal Revenue Service required production of documents on or by January 30, 2017 at the Internal Revenue Service Office located at 7850 SW 6 Court, Stop 4426CT, Plantation, FL 33324.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391 because Mr. Mincher, the individual the Formal Document Request was issued to, resides or is found in this judicial district.

## BACKGROUND

6. Mr. Mincher is married to a French citizen and together they have two (2) children. He is 89 years old and suffers from physical illnesses, including prostate cancer. During the course of the audit, Mr. Mincher has been hospitalized three (3) times for various physical ailments.

7. For over twenty-five (25) years, Mr. Mincher has resided in South Florida.

8. In 2016, the IRS initiated a civil audit against Mr. Mincher.

9. Pursuant to the audit, the IRS propounded a series of Information Document Requests ("IDRs") upon Mr. Mincher.

10. Beginning in January 2016, the IRS issued multiple, broad IDRs, often requesting duplicative documents and documents beyond the authority of the IRS to request under 31 C.F.R. §1010.420.

11. Despite the multiple, overly-broad, IDRs, Mr. Mincher has made every effort to comply with the IRS's requests.

12. In the event Mr. Mincher was unable to comply with certain requests in response to the IDRs, specific objections were alleged or Mr. Mincher pledged to provide the documents when they became available.

13. Due to Mr. Mincher's age, declining health and physical inabilities, it was asked of the IRS to summons all relevant domestic bank account information from third parties as it would have been extremely difficult for Mr. Mincher to obtain the bank account information himself. Mr. Mincher did not move to quash any of these summonses.

14. Throughout the audit, Mr. Mincher has otherwise fully cooperated with the civil examination.

15. Despite Mr. Mincher's willingness to comply and his responsiveness to the multiple, overly-broad IDRs, the IRS continued to furnish additional IDRs and finally, the Formal Document Request at issue was sent to Mr. Mincher.

## THE APPLICABLE LEGAL STANDARD

16. To obtain enforcement of a Formal Document Request, the IRS must show that: 1) the investigation is conducted for a legitimate purpose; 2) the inquiry may be relevant for that purpose; 3) the information requested is not already in the possession of the IRS; 4) the administrative steps required by the Internal Revenue Code (IRC) have been followed. *United States v. Powell*, 379 U.S. 48, 57 – 58 (1964).

17. In addition to the *Powell* standards, the IRS must show that the Formal Document Request satisfies the procedural requirements of 26 U.S.C. § 982(c)(1).

18. 26 U.S.C. § 982(c)(1) requires that a Formal Document Request be mailed by registered or certified mail to the taxpayer at its last known address and set forth: 1) the time and place for the production of the documents; 2) a statement of the reason the documentation previously produced, if any, is not sufficient; 3) a description of the documentation being sought; and 4) the consequences to the taxpayer for failing to produce the documentation described in the Formal Document Request. 26 U.S.C. § 982(c).

19. 31 C.F.R. §1010.420 requires records of accounts to be retained by each person having a financial interest in or signature or other authority over such accounts for a period of five (5) years.

## THE FORMAL DOCUMENT REQUEST

20. On October 31, 2016, the Internal Revenue Service issued the Formal Document Request to Mr. Mincher.

21. Further, the Formal Document Request issued by the IRS requires Mr. Mincher to produce various documents for tax years 2009, 2010 and 2011, including:

  a. All records required to be maintained pursuant to 31 C.F.R. §1010.420 (§103.32 prior to March 1, 2011) relating to foreign financial accounts that you had/have a financial interest in, or signature authority over, including records reflecting the name in which each such account is maintained, the number or other designation of such account, the name and address of the foreign bank or other person with whom such account is maintained, the type of such account, and the maximum value of each such account during each specified year.

  b. For each account or fund, all documents in Mr. Mincher's possession, custody, or control.

  c. All monthly statements for bank or financial accounts at foreign banks, savings and loans, credit unions, or other financial institution, under an name, over which you had signature or other authority or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, from January 1, 2009 through December 31, 2011. In addition, provide duplicate deposit slips and/or verification of the origin of all deposited items for all deposits; copies of all debit and credit memos; copies of all wire transfer authorizations; all cancelled checks and check registers for these accounts.

      d.      For all foreign accounts, copies of all types of financial account statements reflecting all activity from January 1, 2009 to December 31, 2011. Further, provide the acquisition cost/basis for any asset/investment sold from January 1, 2009 to December 31, 2011 in which the cost/basis is not shown on the statements provided.

      e.      For transfers of funds during years 2009, 2010 and 2011 between any bank or financial accounts, foreign or domestic, over which Mr. Mincher has signature or other authority, or over which Mr. Mincher exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, provide the following:

      i.      A copy (front and back) of the cancelled check if Mr. Mincher wrote a check from one account that was then deposited into another account.

      ii.      Provide the wire transfer authorization including a copy of the bank statement of the account from which the money was transferred and the statement of the account to which the money was deposited showing this transaction if Mr. Mincher wired money from one account to another account.

      iii.      If Mr. Mincher deposited cash, provide a bank statement from the account that this cash was withdrawn from, and the statement of the account in which the cash was deposited.

      iv.      Copies of any advice, correspondence or other direction Mr. Mincher may have communicated regarding the withdrawal and/or deposit.

      f.      Documentation of all nontaxable sources of income or funds, such as the proceeds of loans, gifts, inheritances, tax refunds, or tax-exempt interest, Mr. Mincher received in calendar years December 31, 2009; December 31, 2010; December 31, 2011.

## **THE FORMAL DOCUMENT REQUEST WAS NOT ISSUED FOR A LEGITIMATE PURPOSE AND IS OVERBROAD**

22. This investigation is not being conducted for a legitimate purpose as it requests information beyond the records required to be maintained pursuant to 31 C.F.R. §1010.420. As such, the Formal Document Request is not relevant to any legitimate purpose.

23. The Internal Revenue Service initiated the series of IDRs on January 19, 2016. The records now sought by the FDR predate the five (5) year period Mr. Mincher is required to retain the records under 31 C.F.R. §1010.420.

24. Records that are required to be maintained pursuant to 31 C.F.R. §1010.420 have been produced to the Internal Revenue Service.

25. Alternatively, should the Court determine the investigation is being conducted for a legitimate purpose, the overbreadth of the Formal Document Request negates that the inquiry (the Formal Document Request) is relevant to the investigation's purpose. Due to the overbreadth of the request, the request cannot relate to any legitimate purpose.

26. The Formal Document Request seeks a wide array information from a period of seven (7) years. Not only is the period the IRS is seeking information from overbroad and outside the scope of records required to be maintained pursuant to 31 C.F.R. §1010.420, the Formal Document Request itself is overbroad. Specifically, item 2 in the Request requires Mr. Mincher to produce all documents in his possession, custody, or control for each account or fund.

27. The overbreadth of the Formal Document Request demonstrates the investigation is merely a fishing expedition for the IRS and as such cannot be regarded as legitimate.

28. Despite the overbreadth of the IRS's investigation, Mr. Mincher has made every effort to comply with the Internal Revenue Service's requests in order to resolve the matter at hand.

## PRODUCTION OF THE DOCUMENTS PURSUANT TO THE FORMAL DOCUMENT REQUEST VIOLATE THE TAXPAYER'S FIFTH AMENDMENT PRIVILEGE

29. Enforcing the Formal Document Request issued on October 31, 2016 would violate Mr. Mincher's Fifth Amendment right against self-incrimination.

30. The Fifth Amendment applies to compelled testimony sought during the course of an IRS investigation.

31. "The Fifth Amendment privilege against self-incrimination 'protects a person … against being incriminated by his own compelled testimonial communications.'" *U.S. v. Agromaniz*, 925 F.2d 1349, 1352 (11th Cir. 1991) citing *Fisher v. United States*, 4.25 U.S. 391, 408 (1976).

32. The Fifth Amendment privilege "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory." *Kastigar v. United States*, 406 U.S. 441, 445 (1972).

33. The United States Court of Appeals for the Eleventh Circuit compelled the production of documents issued in a subpoenas *duces tecum* despite the individual asserting his Fifth Amendment privilege ruling that the documents fell within the required records exception. *In re Grand Jury Proceedings, No. 4-10* 707 F.3d 1262 (11th Cir. 2013). The subpoenas *duces tucem* was issued on June 29, 2011 and requested documents for tax years 2006 to present. *Id*. at 1265. The court determined that these records were essentially regulatory as they were required to be retained under the Bank Secrecy Act. *Id*. at 1270 – 72.  Further, the court found that the documents were customarily kept and contain public aspects which render them analogous to public documents. *Id*. at 1272 – 74.  As such, the court compelled production of the documents as they were considered within the required records exception. However, in the case at hand, the

documents sought by the IRS cannot be considered essentially regulatory as the documents sought by the IRS fall outside the five (5) year retention period required under the Bank Secrecy Act. *See* 31 C.F.R. § 1010.420. Thus, Mr. Mincher's assertion of his Fifth Amendment privilege must prevail.

34. The United States Court of Appeals for the Second Circuit has ruled that bank accounts more than five (5) years old fall outside the required records exception to the Fifth Amendment's act-of-production privilege against self-incrimination. *See United States v. Greenfield*, 831 F.3d 106 (2d Cir. 2016). In this case, the Court of Appeals for the Second Circuit found that documents related to Defendant's foreign bank accounts, which were sought by the IRS, were outside the scope of the required records exception to the Fifth Amendment's act-of-production privilege against self-incrimination because the Bank Secrecy Act (31 C.F.R. § 1010.420) regulations required an individual to maintain documents for five (5) years, and the documents sought by the IRS were from a period of time exceeding more than five (5) years earlier.

35. The records sought by the Internal Revenue Service in the Formal Document Request are outside the scope of 31 C.F.R. §1010.420 and therefore are not required records as they fall outside the five-year recording keeping requirement.

36. The documents the IRS is seeking through the Formal Document Request contain testimonial communication and as such, are protected by Fifth Amendment privilege.

37. Mr. Mincher moves to asserts his Fifth Amendment privilege over the following requests made by the IRS in its October 31, 2016 Formal Document Request, specifically, he asserts his Fifth Amendment privilege over items 1, 2, 3, 4, 5, and 6 of the Formal Document Request to the extent that production of such documents fall outside the normal record-keeping provisions of 31 C.F.R. §1010.420.

For the forgoing reasons, the Formal Document Request should be quashed and the Plaintiff respectfully requests that this Court grant this Motion to Quash.

DATED this 27 January 2017.

                                                            Respectfully submitted,

                                                            **Marcus, Neiman & Rashbaum LLP**
*Counsel for Plaintiff*
100 SE Third Ave, Suite 805
Fort Lauderdale, Florida 33394
Telephone: (954) 462 - 1200
Facsimile: (954) 688 – 2492

_____

Jeffrey A. Neiman
Florida Bar No. 544469

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 27, 2017, I served a true and correct copy of the foregoing was served on:

> United States of America
> U.S. Attorney's Office
> 99 N.E. 4th Street
> Miami, Florida 33132
>
> Sally Q. Yates
> Acting Attorney General
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001
>
> Carlos Tarrango
> Internal Revenue Agent
> Internal Revenue Service
> 7850 SW 6 Court; Stop 4266CT
> Plantation, FL 33324

>                              /s/ JEFFREY A. NEIMAN_____
>                              Jeffrey A. Neiman