United States District Court
for the
Southern District of Florida

| | |
|---|---|
| John A. Mincher, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-20390-Civ-Scola |
| | ) |
| United States of America, | ) |
| Defendant. | ) |

### Order Affirming Magistrate Judge's Order

This matter is before the Court on the Defendant's objections to the Magistrate Judge's paperless order granting the Plaintiff leave to file an *ex parte* supplement to his response to the Defendant's Motion to Dismiss. (Def.'s Obj.'s, ECF No. 19). For the reasons set forth below, the Court **affirms** the Magistrate Judge's order (ECF No. 18).

The Internal Revenue Service ("IRS") is investigating the Plaintiff's income tax liabilities and has issued Formal Document Requests ("FDRs") to the Plaintiff. (Mot. to Quash Formal Document Request, ECF No. 1.) The Plaintiff has moved to quash the FDRs, in part because the Plaintiff asserts that producing the documents will violate his Fifth Amendment rights. (*Id.*) In the United States's Motion to Dismiss and Cross-Motion to Enforce, the United States argues, among other things, that the waiver, foregone conclusion, and collective entity doctrines prevent the Plaintiff from relying on the Fifth Amendment (ECF No. 7).

The Plaintiff moved for leave to supplement his publicly filed response to the United States' Motion to Dismiss and Cross-Motion to Enforce with an *ex parte* submission. (Mot. to File Supplemental Resp., ECF No. 11.) The United States objected in part to the Plaintiff's motion, asserting that the Court can rule on its threshold arguments that the waiver, foregone conclusion, and collective entity doctrines prevent the Plaintiff from relying on the Fifth Amendment on the basis of the facts that are currently known to both parties (ECF No. 15). The Court referred this case to Magistrate Judge Otazo-Reyes for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters (ECF No. 17). Judge Otazo-Reyes issued a paperless order granting the Plaintiff's motion for leave to file an *ex parte* supplement (ECF No. 18). The United States filed objections to the order (ECF No. 19).

Federal Rule of Civil Procedure 72(a) and Local Magistrate Judge Rule 4(a) require that a district judge apply a "clearly erroneous or contrary to law"

standard of review when considering objections to non-dispositive rulings. The United States's objections assert that in its motion to dismiss, the United States has argued that the waiver, foregone conclusion, and collective entity doctrines prevent the Plaintiff from relying on the Fifth Amendment. (Def.'s Obj.'s at 2, ECF No. 19.) The United States argues that *ex parte* evidence is not relevant to the Court's resolution of the United States's arguments concerning these doctrines, and therefore, Judge Otazo-Reyes's decision to permit an *ex parte* submission before ruling on these arguments was clearly erroneous. (*Id.* at 4-6.) In essence, it appears that the United States is concerned that the *ex parte* submission will somehow lead Judge Otazo-Reyes to misapply the law concerning the waiver, foregone conclusion, and collective entity doctrines. (*Id.* 5-6.) These concerns are unfounded. Moreover, the United States will have the opportunity to file objections to Judge Otazo-Reyes's report and recommendations if it believes that the law has been misapplied.

The United States acknowledges that courts have discretion whether to accept *ex parte* evidence (*id.* at 4.), and it has provided no case law holding that a court cannot exercise its discretion to accept an *ex parte* submission under these circumstances. Therefore, the United States has failed to show that Judge Otazo-Reyes's decision was clearly erroneous or contrary to law, and the Court **affirms** the order granting the Plaintiff leave to file an *ex parte* supplement (ECF No. 18).

**Done and ordered**, at Miami, Florida, on May 19, 2017.

_____
Robert N. Scola, Jr.
United States District Judge